IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSI COLIN STOUP,<br><br>   Plaintiff,<br><br> -vs-<br><br>ANDREW M. SAUL,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civil Action No. 19-110 |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Matthew C. Dawson, held a hearing on January 15, 2019. (ECF No. 8-3). On January 29, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 15-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Post Decision Evidence**

Plaintiff's first argument is that the case should be remanded pursuant to Sentence Six of 42 U.S.C. §405(g) such that the case can be reconsidered with post decision evidence submitted to the Appeals Council.  (ECF No. 11, pp. 3-9).  Specifically, Plaintiff submits the Appeals Council erred in failing to find the medical opinion from treating psychologist, Amy Goodson, Ph.D., to be new and material.[2]  As I mentioned previously, the instant review of the ALJ's decision is not *de novo.*[3]  If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause

---

[2] Plaintiff submitted other evidence to the Appeals Council but does not dispute the Appeals Council's finding with respect to those additional items.  (ECF No. 11, p. 3,  n.2).

[3] An ALJ's findings of fact are conclusive if supported by substantial evidence.  *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence.").  My review of an ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g).  Therefore, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

3

for not having submitted the evidence before the decision of the ALJ.  *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record.  Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted).  All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff submitted, for the first time to the Appeals Council, *inter alia,* a Medical Impairment Questionnaire (RFC & Listings) authored by his treating mental health doctor, Dr. Goodson dated March 22, 2019. (ECF No. 8-2, pp. 41-46).  Plaintiff argues that the information contained therein is new, material and there is good cause as to why he did not submit it prior to the decision. (ECF No. 11, pp. 3-9).  After a review of the evidence, I disagree.

Evidence is "new" if was "not in existence **or available** to the claimant at the time of the administrative proceeding." *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis added).  In his brief, Plaintiff acknowledges that the evidence is authored by his treating psychologist and is indicative of his condition during the relevant time.  (ECF No. 11, pp. 3-9). In so doing, Plaintiff's counsel acknowledges that said information was available at that time, but that he had just not secured the same.  *Id.*  Since the evidence was available, it is not new. *Sullivan,* 496 U.S. at 626.

Additionally, the only reason given by Plaintiff's counsel as to why he had not submitted the evidence before the ALJ's determination was that gathering information for Plaintiff's claim

4

caused Plaintiff to experience increased symptoms.  (ECF No. 11, p. 8).  Plaintiff was, at all relevant times represented by counsel.  (ECF No. 8-3).  There is no indication that counsel was unable to obtain this information prior to the date of the ALJ's opinion.  Thus, I find that Plaintiff has failed to show good cause for not submitting the evidence to the ALJ prior to his decision.[4]

Consequently, remand under Sentence Six is not warranted.

### C.     Residual Functional Capacity ("RFC")[5]

Plaintiff next argues that the ALJ erred in formulating his RFC[6] because he relied only "his own interpretation of the raw medical data to formulate the RFC" and, therefore is unsupported by substantial evidence.  (ECF No. 11, pp. 9-20).  To support this contention, Plaintiff first submits that the ALJ "could not reasonably 'rely' on the assessment of the [S]tate Agency psychological consultant."  (ECF No. 11, p. 11).  After a review of the record, I find the ALJ did not rely on the State Agency psychologist's assessment.  (ECF No. 8-2, p. 23).  In fact, the ALJ found the consultant's assessment that the medical records contain insufficient information to access the claim to be unpersuasive and explained his reasons why.  *Id.*  Thus, I find no merit to the assertion that the ALJ relied on the State Agency consultant's assessment.

Plaintiff also argues that the ALJ failed to address the VA Disability Benefits Questionnaire completed by Charles Kennedy, LP.  (ECF No. 11, pp. 11-14).  Plaintiff's claim in this case was filed on June 4, 2018.  For claims filed on or after March 27, 2017, 20 C.F.R. §404.1520(b) sets forth how an ALJ will consider such evidence.  Section 404.1450b(c)

---

[4] I need not reach a conclusion on whether the information is material because Plaintiff has failed to show that the evidence was not new and good cause was not shown. *Matthews,* 239 F.3d at 591-593, *citing Szubak,* 745 F.2d at 833.

[5] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[6] The ALJ found that Plaintiff had the RFC to perform medium work except "work is limited to simple, routine, and repetitive tasks; the claimant can tolerate few, if any work place changes; and is limited to only occasional interaction with the public and coworkers."  (ECF No. 8-2, p. 20).

specifically provides that an ALJ need not provide any analysis about how he/she considered such evidence in the determination.[7]  The SSA has rescinded SSR 06-03p and amended Sections 404.1504 and 416.904.  *See* 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 82 Fed. Reg. 15263-01 (Mar. 27, 2017).  The new regulations explain as follows:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers— make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules.

20 C.F.R. §§404.1504, 416.904.  As a result, for claims filed on or after March 27, 2017, "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." *Id.*

Based on this new standard, the ALJ was not required to provide any analysis about Plaintiff's VA Questionnaire, as Plaintiff suggests.  *Id.*  Here, the ALJ specifically stated that he "did not provide articulation about the evidence that is inherently neither valuable nor persuasive in accordance with 20 C.F.R. 404.1520b(c)." (ECF No. 8-2, p. 23).  Under the new standard, I find no error in this regard.  I find this reference was adequate and that the ALJ was not required to provide any further analysis of the VA rating.  Consequently, remand on this basis is not warranted.

---

[7] 20 C.F.R. 404.1520b(c) provides:

> (c) Evidence that is inherently neither valuable nor persuasive. Paragraphs (c)(1) through (c)(3) apply in claims filed (see § 404.614) on or after March 27, 2017. Because the evidence listed in paragraphs (c)(1) through (c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 404.1520c:
> (1) Decisions by other governmental agencies and nongovernmental entities. See § 404.1504.

Having no medical opinion evidence of record, Plaintiff submits that the ALJ erred in relying on his own lay opinion to determine that Plaintiff does not meet or "equal" the paragraph B criteria of listings in step 3 of the evaluation. (ECF No. 11, pp. 14-16). In step three of the analysis set forth above, an ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

The listing at issue in this case is listing 12.15. (ECF No. 11, pp. 14-16). The ALJ specifically considered whether Plaintiff's severe mental impairments meet or equaled the "paragraph B" criteria of listing 12.15. (ECF No. 8-2, pp. 18-19). Plaintiff asserts the ALJ erred by failing to specifically consider the VA Disability Benefits Questionnaire in making this determination. (ECF No. 11, p. 15). As set forth above, the ALJ was not required to do so and I find no error in this regard.

Finally, Plaintiff's last argument is that the ALJ erred in arriving at his RFC because it is based on his lay opinion and it does not account for any limitations in concentrating, persisting, or maintaining pace or adapting and managing oneself. (ECF No. 11, pp. 16-20). He suggests that the ALJ could have supported the RFC with, *inter alia,* guidance from a consultative examiner but he did not. *Id.* at p. 20. Therefore, Plaintiff argues, remand is necessary. After a careful review of the record, I agree with Plaintiff.

In this case, the ALJ found that Plaintiff had the RFC to perform medium work with specific mental limitations:

> The claimant is also limited to occasional interaction with supervisors. The claimant is further limited to only occasional contact with coworkers but no interaction with coworkers, which means the claimant could occasionally work in

>the same room as coworkers but not perform cooperative tasks. The claimant is also limited to occasional contact with the general public but no interaction with the general public, which means the claimant would not be required to interact with the general public as part of the job duties, although the claimant could have incidental contact with the public such as that which would occur when passing someone in a hallway or when sharing an elevator.

(ECF No. 8-2, p. 19).[8] "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), citing *Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). While this is not a requirement, the ALJ must support his determination with substantial evidence. After a review of the record, I am unable to discern how the ALJ determined Plaintiff was limited to the numerous mental exceptions. I find there is ambiguity in the record as to how the ALJ arrived at Plaintiff's functional limitations in his RFC determination. As a result, I am unable to make a proper meaningful review. Therefore, I find the ALJ's opinion is not based on substantial evidence and the ALJ erred in this regard. Consequently, remand is warranted on this issue.

An appropriate order shall follow.

---

[8] The ALJ also found Plaintiff was limited to the following physical restriction: "claimant is limited to occasional operation of foot controls and occasional operation of a motor vehicle." (ECF No. 8-2, p.19). Plaintiff does not take issue with this finding.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSI COLIN STOUP, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>ANDREW M. SAUL,[9] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 19-110 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 5th day of June, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[9] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.